UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL UNDERWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>KHIN WIN, M.D., et al.,<br><br>    Defendants. | No. 2: 16-cv-0346 JAM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to modify the scheduling order and for an extension of time to oppose defendants' summary judgment motion. (ECF Nos. 35, 36.) Defendants have not opposed these motions.

The March 14, 2017 scheduling order stated that all motions to compel were due by July 10, 2017. (ECF No. 30.) Discovery requests pursuant to Federal Rules of Civil Procedure 31, 33, 34 and 36 were to be served not later than sixty days prior to that date, i.e., May 11, 2017. (Id.) All pretrial motions, including summary judgment motions, were to be filed no later than October 10, 2017. (Id.)

On May 3, 2017, defendants filed a summary judgment motion. (ECF No. 33.) In the motion to modify the scheduling order, filed July 2, 2017, plaintiff states that he was hospitalized earlier this month for a heart attack. (ECF No. 35.) Plaintiff also states that the prison was on

1

lockdown after he returned from the hospital and he has had no law library access. (Id.) Attached to this motion is a "Daily Program Report" stating that on June 14, 2017, Level II and Level III Facilities at California State Prison-Solano, where plaintiff is housed, were placed on a modified program after numerous weapons and dangerous contraband items were found on Level III. (Id. at 3.)

In the motion for extension of time to file an opposition to defendants' summary judgment motion, filed July 6, 2017, plaintiff requests that he be allowed to complete discovery before filing his opposition. (ECF No. 36.) Plaintiff alleges that he is on a modified lockdown and was rushed to the hospital due to a medical condition. (Id.) Plaintiff alleges that he has prepared interrogatories and a request for production of documents to serve on defendants. (Id.)

The undersigned construes plaintiff's pending motions as requests pursuant to Federal Rule of Civil Procedure 56(d) to postpone ruling on defendants' summary judgment motion. "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Pursuant to Rule 56(d), plaintiff bears the burden of specifically identifying relevant information, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citation omitted); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100–01 (9th Cir. 2006). Additionally, plaintiff must make some showing of diligence, that he sought the requested information during the discovery period, or that there is good reason he has not been able to obtain the information before now. See Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 372–73 (9th Cir. 1985).

The scheduling order provided that all discovery requests were to be served no later than May 11, 2017. The pending requests indicate that plaintiff was placed on lockdown and suffered a heart attack in June 2017, i.e., after May 11, 2017. Plaintiff does not explain why he did not serve defendants with his discovery requests on or before May 11, 2017. While the undersigned

2

is sympathetic to plaintiff's circumstances, the undersigned finds that plaintiff's failure to conduct discovery during the time set in the scheduling order demonstrates a lack of diligence. While defendants have not opposed plaintiff's pending requests, it is still plaintiff's burden to demonstrate diligence.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to postpone defendants' summary judgment motion (ECF Nos. 35, 36), pursuant to Federal Rule of Civil Procedure 56(d), are denied;

2. Plaintiff's opposition to defendants' summary judgment motion is due within thirty days of the date of this order.

Dated: August 10, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Un346.ord